# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FORESITE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0048-WS-C |
| | ) |
| CITY OF MOBILE BOARD OF | ) |
| ZONING ADJUSTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the defendants' motion to dismiss. (Doc. 23). The parties have filed briefs in support of their respective positions, (Docs. 24, 26, 29), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted.

## BACKGROUND

According to the amended complaint, (Doc. 19),[1] a non-party ("AT&T") filed an application with defendant Mobile City Planning Commission ("the Commission") for a new wireless telecommunication facility to be built on a site leased by AT&T from a third party for that purpose. AT&T also presented to defendant City of Mobile Board of Zoning Adjustment ("the Board") a zoning application seeking certain variances necessary for placement of a tower on the site. The Commission and the Board denied the applications. The amended

---

[1] The document is styled as an "amended petition for writ of mandamus and declaratory relief, and request for expedited review." Since no such pleading is permitted, Fed. R. Civ. P. 7(a), since the document serves every function of a complaint, *id*. Rules 3, 8(a), and since it supersedes the plaintiff's original filing, which was styled as a "complaint," (Doc. 1), the document will be referred to herein as an amended complaint.

complaint alleges that the defendants' actions violate the Telecommunications Act of 1996 ("TCA") in various respects. The amended complaint seeks a declaration that the defendants violated the TCA, accompanied by issuance of a writ of mandamus ordering them to approve AT&T's applications.

The motion to dismiss challenges the plaintiff's standing to bring this action. According to the amended complaint, the plaintiff's connection with this matter is that it entered a contract ("the Purchase Order") with AT&T to provide certain services related to construction of the tower; that those services include (after zoning and planning approval is obtained) site preparation, contract negotiation with the tower builder, and title work; and that it will not receive compensation for such services unless the applications are approved. (Doc. 19, ¶¶ 17, 22, 28).[2] These allegations were added by the amended complaint, which the plaintiff filed in response to the defendants' motion to dismiss the original complaint for lack of standing. (Docs. 1, 10).[3]

## DISCUSSION

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). The Court applies a similar rule to motions to dismiss and accordingly limits its review to those arguments the parties have expressly advanced. *E.g., Jurich v. Compass Marine, Inc.*, 906 F. Supp. 2d 1225, 1228 (S.D. Ala. 2012).

There are two strands of standing analysis: constitutional standing and prudential standing. *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 11

---

[2] The amended complaint also alleges that "AT&T authorized Foresite to initiate this suit," (Doc. 19, ¶ 41), which apparently is based on the Purchase Order's engagement of the plaintiff to "prosecut[e] any appeals of application denials." (*Id.*, ¶ 17). The plaintiff makes no argument that this authorization is relevant to the standing analysis.

[3] Upon filing of the amended complaint, the Court denied the initial motion to dismiss as moot. (Doc. 21). The instant motion followed.

(2004). Constitutional standing is jurisdictional, and in its absence "the federal court must dismiss the case for lack of subject matter jurisdiction." *Florida Wildlife Federation, Inc. v. South Florida Water Management District*, 647 F.3d 1296, 1302 (11th Cir. 2011); *accord Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Because the defendants assert that constitutional standing is absent, their motion is one under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction. Their motion expressly invokes this rule. (Doc. 23 at 1).

A Rule 12(b)(1) motion may mount either a facial or a factual attack on subject matter jurisdiction. "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Stalley*, 524 F.3d at 1232-33 (internal quotes omitted). The defendants' argument is facial, not factual.[4]

The "irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). While the parties address all three elements, the Court finds the first dispositive. "First, the plaintiff must have suffered an injury in fact – *an invasion of a legally protected interest* which is (a) concrete and particularized …; and (b) actual or imminent, not conjectural or hypothetical …." *Id*. (internal quotes omitted, emphasis added).[5] The plaintiff quotes this portion of *Lujan* and addresses (a) and (b), but it

---

[4] The defendants submit the two applications, which are not exhibits to the amended complaint. They argue that consideration of these documents does not convert their attack into a factual one because the amended complaint cites and relies on them. (Doc. 24 at 7). The plaintiff concedes the point. (Doc. 26 at 3). However, because the defendants do not utilize the applications for any proposition not already set forth in the amended complaint itself, the Court has not considered the applications in resolving the defendants' motion.

[5] *Accord Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 772 (2000) ("The interest must consist of obtaining compensation for, or preventing, the violation of a legally protected right.").

omits the emphasized phrase from both its quote and its argument. (Doc. 26 at 5). This is unfortunate, since that phrase is the key to the defendants' motion.

The plaintiff does not claim any legally protected interest in the grant of AT&T's applications. On the contrary, the plaintiff identifies its only interest as its "interest in the Purchase Order." (Doc. 26 at 5). Its interest in the Purchase Order, it says, is an interest in earning compensation by performing post-approval work. (*Id*.). This is consistent with the allegations of the amended complaint discussed above.

In order to establish constitutional standing to pursue a claim for breach of contract, a non-contracting party "must show that [it] held a legally protected interest in the [contract]." *Avenue CLO Fund, Ltd. v. Bank of America*, 709 F.3d 1072, 1077 (11th Cir. 2013).[6] Although this case challenges governmental action other than a breach of contract, by analogy the plaintiff here must show it held a legally protected interest in AT&T's applications and the rulings thereon, not simply that it held an interest in a contract adversely affected by the denial of the applications. Since the plaintiff claims no such interest in the applications or rulings thereon, it necessarily lacks standing.

Indeed, it appears the plaintiff lacks even a legally protected interest in performing post-approval work and receiving compensation therefor. The amended complaint alleges that the plaintiff was to perform such work only "upon approval" of the applications, (Doc. 19, ¶¶ 22, 38), which reflects that the plaintiff's performance of the work (and receipt of compensation) was expressly conditioned on governmental approval of the applications. A qui tam relator has no legally protected interest in the portion of the proceeds of a successful False

---

[6] *Accord AT&T Mobility, LLC v. National Association for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007) ("For AT&T Mobility to have standing to challenge NASCAR's decision under the RCR Agreement to prohibit the display of the AT&T logo on the #31 Car, it must … first demonstrate that NASCAR has invaded a 'legally protected interest' derived by AT&T Mobility from the RCR Agreement between NASCAR and RCR.").

Claims Act lawsuit which the Act assigns him until such time as he prevails in the action; he therefore cannot base his standing to pursue a claim under the Act on this potential future recovery. *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 772-73 (2000). Just so, the plaintiff here has no legally protected interest in performing post-approval work until and unless that approval is obtained. Because approval was not obtained, the plaintiff had and has no legally protected interest under the Purchase Order. For the same reason, there has been no "invasion" of an existing right to post-approval compensation, because no such right could materialize before approval of the applications.[7]

The plaintiff's position is that it has standing to challenge an unfavorable governmental ruling vis-à-vis a third party simply because it would make money under a contract with the third party were there a different ruling. The expansion of standing that adoption of the plaintiff's position would entail is difficult to overstate. If the plaintiff is correct, a bartender laid off because his employer lost its liquor license could sue the ABC board to challenge its decision. A wholesaler could sue a city for canceling a contract with a retailer supplied by the wholesaler. A builder under contract with a property owner could sue if a governmental entity determined the owner need not make alterations to its building. The plaintiff cites no authority even remotely supporting such a radical alteration in traditional standing doctrine.

"In every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove*, 542 U.S. at 11. On motion to dismiss, the plaintiff must show that its complaint pleads the three irreducible constitutional

---

[7] The amended complaint alleges that one of the tasks undertaken by the plaintiff pursuant to the Purchase Order is "prosecuting any appeals of application denials," (Doc. 19, ¶ 17), so it is clear the contracting parties recognized that the condition of government approval might not be satisfied and that the plaintiff's right to perform post-approval work thus might never arise.

elements of standing. *Hollywood Mobile Estates Ltd. v. Seminole Tribe*, 641 F.3d 1259, 1265 (11th Cir. 2011). As discussed above, the plaintiff has failed to show that the complaint reflects its possession of a legally protected interest invaded by the defendants. Dismissal is thus required.

The plaintiff insists it has statutory standing under the TCA. (Doc. 26 at 8-9). "[T]he constitutional standing requirements … apply to all cases brought in federal courts …." *Via Mat International South America Ltd. v. United States*, 446 F.3d 1258, 1263 (11th Cir. 2006). Whether or not the plaintiff has statutory standing, it must still satisfy constitutional standing in order to successfully invoke federal subject matter jurisdiction, and its failure to do so is fatal.

The plaintiff has had two opportunities to plead the elements of constitutional standing. No further opportunities have been requested, and none will be afforded. For the reasons set forth above, the defendants' motion to dismiss is **granted**. The plaintiff's action is **dismissed** for lack of subject matter jurisdiction.

DONE and ORDERED this 2nd day of May, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE